IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE § | | |
| INSURANCE COMPANY § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | | NO. 3-06-CV-2109-G |
| § | | |
| HAMILTON BEACH/PROCTOR-SILEX, § | | |
| INC. § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM ORDER**

This is a products liability action brought by Plaintiff Nationwide Mutual Fire Insurance Company, as subrogee of Union Valley Baptist Church, to recover damages incurred as a result of a fire allegedly caused by a defective coffee maker and microwave oven. Defendant Hamilton Beach/Proctor-Silex, Inc., the manufacturer of the products in question, has filed a motion to compel the production of tangible evidence for non-destructive forensic testing at its facility in Glen Allen, Virginia. Although plaintiff is willing to make the coffee maker and microwave oven available for inspection by defendant's experts in Fort Worth, Texas, plaintiff refuses to produce the items in Virginia. The parties have been given an opportunity to brief their respective positions in a Joint Status Report filed on April 5, 2007, and the motion is ripe for determination.[1]

---

[1] The Standing Order on Discovery Motions makes clear that the court will rule on any discovery disputes based on the arguments and authorities presented by the parties in their joint status report:

> The purpose of a joint status report is to enable the court to determine the respective positions of each party regarding the subject matter of a discovery dispute. To this end, the parties should present their arguments and authorities in the body of the report. Supporting evidence and affidavits may be submitted in a separate appendix. If further briefing is desired before any unresolved matters are decided, the joint status report must indicate why the party requesting further briefing could

Fed. R. Civ. P. 34(a) permits a party to serve a request "to inspect, copy, test, or sample any designated tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is made." Here, the subject coffee maker and microwave oven are unquestionably within the scope of discovery authorized by the federal rules. Indeed, plaintiff is willing to allow defendant to inspect these items at a law office in Fort Worth, Texas. However, defendant seeks the opportunity to inspect the coffee maker and microwave at its testing facility in Glen Allen, Virginia. In support of this request, defendant relies on the affidavit of Joseph W. Barnes, a Hamilton Beach Staff Engineer, who explains that:

> Hamilton Beach, at its own laboratory, has ready access to highly trained research personnel, as well as the voluminous documentation that may need to be referenced during its examination of the coffee maker in question and its component parts. Indeed, Hamilton Beach has spent many years perfecting a state-of-the-art laboratory for precisely these and other purposes, and its in-house experts have accumulated decades of experience and specialized training in the forensic disciplines at issue. Although these experts could obviously travel, neither the laboratory nor most of the technical equipment in that laboratory is portable.
>
> The non-destructive forensic examination will include photographic documentation, microscopic examination, x-ray analysis, and non-invasive electrical tests. Hamilton Beach's forensic laboratory contains all of the requisite equipment, much of which is neither transportable nor always found in other "labs." Moreover, the equipment available in Hamilton Beach's laboratory is of assuredly high quality and has been carefully maintained and calibrated so as to provide accurate information. I have no such assurances as to the quality, maintenance or accuracy of equipment belonging to others.

---

> not fully present its arguments and authorities in the report. The court, in its discretion, may allow further briefing upon request by any party.

Standing Order, 12/6/06 at 2-3, ¶ 3 (internal citations omitted). Although counsel for plaintiff signed the Joint Status Report filed on April 5, 2007, no reason is offered for the refusal to produce the coffee maker and microwave oven at defendant's Virginia testing facility.

> The examination may require multiple examination sessions. For example, an examination may have to be suspended while a particular point is researched--such as comparison with an exemplar. Also, there are practical considerations such as work schedules and prior commitments that may not permit a single uninterrupted examination. A forensic examination of a fire-damaged product requires reflection and thoughtful analysis. Also, Hamilton Beach may decide to retain a consulting expert to examine the coffee maker and/or have its litigation counsel observe the examination. Accordingly, it is much more efficient if Hamilton Beach has the coffee maker at its laboratory.

(Def. Mot., Exh. 6 at 2-3, ¶¶ 5-7). Plaintiff offers no argument, much less evidence, to counter the reasons articulated by defendant for testing the coffee maker and microwave oven at its Virginia facility. Without such evidence, there is no basis for sustaining an objection to the request for production.

For these reasons, defendant's motion to compel production of the subject coffee maker and related evidence [Doc. #19] is granted. Plaintiff shall produce the coffee maker and microwave oven recovered from the fire scene to defendant's testing facility in Glen Allen, Virginia, by **April 19, 2007.** Defendant may conduct non-destructive inspection and testing of the products in accordance with the protocols set forth in NFPA 921, *Guide for Fire and Explosion Investigations* §§ 16.10, *et seq.* (2004) and ASTM Standard Practices E860-97 & E1188-95. At the conclusion of this forensic examination, defendant shall return the coffee maker and microwave oven to plaintiff or its designee.

SO ORDERED.

DATED: April 9, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE